**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TARA F. BALDRIDGE, formerly known as TARA F. OWENS, on behalf of herself and the classes defined herein, | ) ) ) | |
| | ) | Case No.: 07 CV 6397 |
| Plaintiff, | ) | |
| | ) | Judge: Pallmeyer |
| v. | ) | |
| | ) | Magistrate Judge Schenkier |
| PALISADES ACQUISITION XVI, LLC, and BLATT, HASENMILLER, LEIBSKER & MOORE, LLC, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants Palisades Acquisition XVI, LLC ("Palisades") and Blatt, Hasenmiller, Leibsker & Moore, LLC ("BHLM") by and through their attorneys David M. Schultz and Jennifer W. Weller and for their Memorandum in Support of their Motion to Dismiss state as follows:

## I.  INTRODUCTION

Plaintiff Tara Baldridge ("Baldridge" or "Plaintiff") claims that defendants violated the FDCPA because (1) BHLM was allegedly tardy in amending the caption of a state court collection suit against her and (2) BHLM's reason for the amendment was a misnomer when there was no alleged misnomer, but her account had been sold from Hawker Financial Corp. to Palisades necessiting amendment of the caption.   While the Seventh Circuit has shown skepticism in use of the FDCPA to attack state court complaints, *Beler v. Blatt*, 2007 WL 675625 (7th Cir. 2007), plaintiff's allegations go even further.   Plaintiff attacks the timing of an amendment to a state court caption and the basis of the motion for amendment.

BHLM filed suit in the Circuit Court of Cook County, Municipal Division on behalf of Hawker against plaintiff for collection of her defaulted credit card debt. After the suit was filed but prior to serving plaintiff, the plaintiff's account was sold from Hawker to Palisades. Three months after serving Baldridge with the suit, BHLM file a motion to amend the caption of the collection complaint to change the name of the plaintiff from Hawker to Palisades. The reason given for the amendment was correction of a misnomer. Baldridge admits that Hawker owned her account at the time the collection suit was filed and that it was sold to Palisades on February 5, 2007. (Compl., ¶22). The state court permitted BHLM to amend the caption of the collection suit on August 30, 2007.

Baldridge claims that defendants violated the FDCPA by representing that Hawker owned the account after the account had been sold to Palisades and by misrepresenting that the change in ownership from Hawker to Palisades was a "misnomer." (Compl., ¶35). However, BHLM never concealed the ownership of the account. If anything failure to amend the complaint at the time of the sale of the account was inadvertent and easily corrected in accordance with state court procedure. Accordingly, plaintiff's complaint must be dismissed.

## PROCEDURAL HISTORY AND ALLEGATIONS OF COMPLAINT

On December 11, 2006, BHLM filed suit on behalf of Hawker Financial Corp. against Tara F. Owens n/k/a Tara Baldridge in the Circuit Court of Cook County, Illinois, Case No. 06 M1 196515 ("collection action"). (Compl., ¶14). Attached to the Complaint was an Affidavit in Support of Plaintiff's Claim executed by Beverly Berry, Assistant Vice President of Hawker Financial Corporation and stating as follows:

> (2)    In the ordinary course of business Plaintiff regularly purchases revolving credit accounts, installment accounts, service accounts and/or other credit lines from the original creditor or their assignee(s). Plaintiff purchased the credit

account of Defendant herein, Account Number referenced above (hereinafter "the Credit Account") from the original creditor or its assignee.

\*\*\*

(5)    Plaintiff's business records for the Credit Account of Defendant reflect that the just and true balance due and owing to Plaintiff by the Defendant on the Account Number 4031131400474472 as of the date hereof is $2903.97, according to the business records provided to Plaintiff by the original creditor or its assignee at the time the Credit Account was purchased, less credit for all payments, together with interest and other applicable costs as allowed by law. (Appendix A to Compl.)

The debt was based on a credit card issued by Providian Bank, which assigned it to GA Financial Trust, which assigned it to Arrow Financial Services, which assigned it to Hawker. (Compl., ¶16). A summons was issued on December 11, 2006. (A copy of the Summons filed in Case No. 06 M1 196515 is attached hereto). The summons was returned not served on January 4, 2007. (Ex A hereto).[1] BHLM then filed a motion with the court to appoint a special process server. The court granted BHLM's request. (Ex. B hereto). On May 27, 2007, Darryl Chavers served the complaint on Michael Baldridge, plaintiff's husband at 4:30 p.m. (Ex C hereto).

Between the time the alias summons was issued and the time that plaintiff was served, plaintiff alleges that Hawker sold plaintiff's debt to Palisades XV, LLC.[2] Plaintiff claims that as of March 5, 2007, Hawker no longer owned her debt because on that date a sale was consummated between Hawker and Palisades XV, LLC. (Compl., ¶25). Plaintiff filed a *pro se* appearance on June 13, 2007 in the collection action. (Ex. D hereto). On June 28, 2007 an order was entered setting the collection action for trial on August 30, 2007. (Ex. E hereto). The caption of the order reads, "Palisades Acquisition XVI, LLC. v. Tara F. Owens." While the

---

[1] In ruling on a 12(b)(6) motion, a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment. *Anderson v. Simon*, 217 F.3d 472, 475 (7th Cir. 2000). The docket and filings in the collection suit filed in the Circuit Court of Cook County, Case No. 06 M1 196515 are a matter of public record.

[2] Plaintiff alleges that the debt portfolio is now owned by Palisades XVI, LLC ("Palisades").

6270924v1 883790

complaint plaintiff was served with on May 27, 2007 stated that Hawker Financial Corp was the plaintiff, as of the June 28, 2007, Palisades was named as the plaintiff on court orders.

On August 29, 2007, Edelman, Combs, Latturner & Goodwin LLC filed an appearance on behalf of Ms. Baldridge in the collection action. (Ex. F hereto). On August 30, 2007, BHLM filed a Motion to Correct a Misnomer and requested leave to formally amend the plaintiff's name from Hawker Financial Corp to Palisades Acquisition XVI, LLC. The motion was granted by the court. (Appendix C to plaintiff's Complaint).

## ARGUMENT

### A.  The Fact that the Caption of the Collection Suit was not Amended Until August 30, 2007 does not Establish a Violation of the FDCPA

Despite the fact that Hawker owned plaintiff's account at the time the suit was filed, that Palisades purchased the account from Hawker on March 5, 2007 and the caption was amended on August 30, 2007 to change the name of the plaintiff from Hawker to Palisades, plaintiff claims defendants misrepresented the ownership of her account. Under plaintiff's theory, BHLM should have amended the caption of the complaint on March 5, 2007- the date of the sale. Otherwise the caption of the collection action would have allegedly been misleading. Yet this is not a perfect world and perfection is not required of state court complaints.[3]

In *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470 (7th Cir. 2007), plaintiff alleged that a complaint filed in state court for collection of her defaulted JCPenney Card debt and attached affidavit violated the FDCPA because the description of her debt was confusing. Specifically she claimed that the description of the contracts among JCPenney, Monogram Bank, and GE Capital was not clear enough to enable an unsophisticated consumer to

---

[3]  Not only does the FDCPA not require an amendment to a state court proceeding be "immediate," any such requirement would be unreasonable. Motions are spindled in the Circuit Court of Cook County and the speed with which a motion is heard depends upon the court's availability.

4

understand the relationship between the merchant, transaction processor and creditor.    In rejecting plaintiff's claim the court stated:

> Section 1692e does not require clarity in all writings.  What it says is that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  A rule against trickery differs from a command to use plain English and write at a sixth-grade level. Beler does not contend that the complaint was deceptive and that the Law Firm set out to trick her into paying money she does not owe, or to mislead her into paying the wrong person.  Whatever shorthand appeared in the complaint- the payments system through which credit-card slips flow is complex, and even many lawyers don't grasp all of its details- was harmless rather then an effort to lead anyone astray.  It was the judge, not Beler, who had to be able to determine to whom the debt was owed, for it is the judge (or clerk of court) rather than the defendant who prepares the judgment specifying the relief to which the prevailing party is entitled.  *Id*. at 473.

In *Beler*, the court addressed a challenge to the way the creditor was described.  It rejected the claim.  *See also Clark v. Unifund CCR Partners*, No. 07 CV 266, 2007 WL 1258113 (W.D.Pa. April 30, 2007)(Schwab, A.)(finding that statement in collection complaint that Unifund CCR Partners issued plaintiff's credit card did not give rise to FDCPA claim where even though Unifund did not issue the credit card, the caption identified Unifund as the assignee of the creditor).

Further, perfection is not required in debt collection letters.  In *Luzinski v. Arrow Financial Services, LLC*, 2007 WL 2819556 (E.D.Wis. 2007), Encore's collection letter identified the creditor as "Capital One Services, Inc."  Plaintiff claimed the creditor should have been identified as "Capital One Bank" or "Capital One F.S.B."  In granting defendant's motion for summary judgment the court stated:

> Here, the actions Bode complains of were harmless rather than an effort to lead anyone astray. As such, Encore's alleged actions were not the kind of debt collection practices that the FDCPA was designed to prevent. *See Taylor*, 365 F.3d at 574 (7th Cir.2004) (The FDCPA was "designed to curb aggressive debt-collection practices."); *Mace*, 109 F.3d at 343 (the FDCPA "was designed to

protect against the abusive debt collection practices likely to disrupt a debtor's life.").

Similarly, here, the claim is that during the time between the sale of the account and the amendment of the caption, defendants were misrepresenting the name of the creditor. Yet BHLM was permitted to amend the caption to change the name of the plaintiff from Hawker to its assignee, Palisades during the pendency of the suit. Plaintiff does not plead that she relied on the fact that Hawker was originally named or was otherwise tricked into paying the wrong party. Nor could she so allege because the lawsuit was dismissed on November 1, 2007. (Appendix D to Compl.). Further "the proper purpose of pleading is not to erect barriers to prevent the trial of a case on the merits, but rather to remove them and to facilitate the specification of the real issues to be tried." *Fleshner v. Copeland*, 13 Ill.2d 72, 77, 147 N.E.2d 329, 332 (Ill. 1958)(permitting amendment of caption of a complaint to add the name of the executor as a party defendant); *see also Pickett v. First American Sav. & Loan Ass'n*, 90 Ill.App.3d 245, 412 N.E.2d 1113 (5th Dist. 1980)("To the end that justice may be done, courts are liberal in the allowance of amendments conforming the pleadings to the proof, but the amendment's materiality to the evidence already introduced must be apparent, so that defendant is not prejudiced thereby.").

Indeed, Hawker owned plaintiff's account and Palisades stepped into the shoes of Hawker, acquiring all of its rights to the debt. Interestingly, plaintiff does not claim that she did not know of the sale. In fact, as early as June 28, 2007 (just 13 days after plaintiff filed her *pro se* appearance), an order was entered in the case naming Palisades as plaintiff. The complaint was not formally amended until August 30, 2007. The fact that there was a time lag between the date of sale and amendment does not establish an FDCPA violation.

6

## B.  Reference to a Misnomer in the Motion to Amend
## Does Not Give Rise to an FDCPA Claim

Plaintiff's FDCPA complaint attacks BHLM's motion to amend and the fact that the reasoning given for the amendment was a "misnomer."  Yet, the Circuit Court considered the motion and granted it.  Plaintiff was represented by counsel at the time the motion was presented to the court and had the opportunity to appear and object to the motion.  Instead, plaintiff has improperly concocted an FDCPA claim based on semantics in a state court motion.  This is exactly the type of conduct the *Beler* court stated the FDCPA was not designed to regulate.

It is the Illinois Code of Civil Procedure that governs the process for amending a pleading- not the FDCPA.  It provides, "[m]isnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires."  735 ILCS 5/2-401.  It is not for this court to second-guess whether the state court should have allowed BHLM to amend the caption due to a misnomer or to second-guess the reasoning of the state court.  Rather, the state court was in the best position to evaluate the motion "upon any terms and proof that the court require[d]." Further, the decision to allow an amended pleading is a matter within the sound discretion of the trial court.  *Thomas v. Davenport*, 196 Ill.App.3d 1042, 554 N.E.2d 604 (1st Dist. 1990).  Further, the purpose of an amendment is to fix an alleged pleading defect.  The FDCPA was not enacted to provide a vehicle for the federal court to question state court procedure and allowance of amendments by a state court judge.  The FDCPA was enacted by Congress in 1996 to curb abusive practices on the part of debt collectors.  *Barnes v. Advanced Call Center Technologies, LLC*, 493 F.3d 838 (7th Cir. 2007).  An amendment to a case caption to name the correct party is not the type of conduct contemplated by the Act.

7

Although *Beler* left open the question whether Section 1692e of the FDCPA applies to litigation, the court noted that "it is far from clear that the FDCPA controls the contents of pleadings filed in state court." *Beler*, 480 F.3d at 472. Accordingly, plaintiff should not be permitted to use the FDCPA as a vehicle to question the basis for the state court's allowance of an amendment to a caption in a collection suit. The appropriate place to object or question the reasoning of the state court's ruling was the state court. Plaintiff had the opportunity to object to BHLM's motion or to move for reconsideration of the court's order. She should not be rewarded for failing to pursue remedies in state court by being allowed to maintain an FDCPA cause of action.

WHEREFORE, Defendants Palisades Acquisition XVI, LLC and Blatt, Hasenmiller, Leibsker & Moore, LLC respectfully request that this court grant their Motion to Dismiss Plaintiff's Complaint and for such further relief as this court deems appropriate and just.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: s/Jennifer W. Weller
     Jennifer W. Weller

David M. Schultz
Jennifer W. Weller
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000

6270924v1 883790