**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TARA F. BALDRIDGE, | ) | |
| formerly known as | ) | |
| TARA F. OWENS, | ) | |
| on behalf of herself and | ) | |
| the classes defined herein, | ) | |
| | ) | |
| Plaintiff, | ) | 07 CV 6397 |
| | ) | Judge Pallmeyer |
| vs. | ) | Magistrate Judge Schenkier |
| | ) | |
| PALISADES ACQUISITION XVI, LLC, and | ) | |
| BLATT, HASENMILLER, LEIBSKER & | ) | |
| MOORE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Tara F. Baldridge respectfully requests that this Court enter an order determining that this Fair Debt Collection Practices Act ("FDCPA") action may proceed as a class action against Defendants Palisades Acquisition XVI, LLC and Blatt, Hasenmiller, Leibsker & Moore, LLC.

Plaintiff seeks to certify two classes, denominated Palisades and BHLM, defined as follows:

The Palisades class consists of (a) all individuals (b) against whom legal action was taken or pursued (c) on a debt owned by defendant Palisades Acquisition XVI, LLC (d) under a name of another (such as the entities listed in Appendix A) (e) at any time between April 1, 2007 and the present.

The BHLM class consists of (a) all individuals (b) against whom legal action was

taken or pursued (c) by BHLM (d) on a debt owned by one entity (such as Palisades Acquisition XVI, LLC) (e) under the name of another entity (such as the entities listed in Appendix A) (f) at any time between April 1, 2007 and the present.

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, Plaintiff states:

**NATURE OF THE CASE**

1. This case arises out of defendants' policy and practice of pursuing lawsuits in the name of an entity that had no interest in the claims. In plaintiff's case, the lawsuit filed against her in Cook County represented that plaintiff owed a debt to Hawker Financial Corp. when in fact Hawker no longer had any interest in the purported debt.

2. On August 30, 2007, Hawker Financial Corp. filed a motion to correct a "misnomer" by changing the plaintiff's name from Hawker Financial Corp to Palisades Acquisition XVI, LLC. In fact, there was no "misnomer," but a sale of the claim to an unrelated entity.

3. By falsely claiming a "misnomer," defendants avoided inquiry into whether they could establish title to the debts in question. By misrepresenting the change from Hawker to Palisades as a "misnomer," Defendants violated 15 U.S.C. §§1692e, 1692e(2), 1692e(10), and 1692e(14).

4. Section 1692e provides:

**§ 1692e.     False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading**

2

**representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

> **(2)     The false representation of--**
>
> > **(A)     the character, amount, or legal status of any debt; . . .**
>
> **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**
>
> **(14)    The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization. . . .**

5.     Recently, courts have noted a disturbing trend in which debt purchasers and collectors file large volumes of collection lawsuits in the names of entities that do not own the purported debts and attempt to hide the facts.   In re Foreclosure Cases, 1:07CV2282 and 14 others, 2007 U.S. Dist. LEXIS 84011 (N.D.Ohio, Oct. 31, 2007).   In the Ohio cases, foreclosure complaints alleged that the named plaintiff was the holder and owner of the note and mortgage, they were not the original payees and there was nothing showing that the plaintiffs owned the notes and mortgages.   Dismissing the cases, the court commented (*8-9):

> There is no doubt every decision made by a financial institution in the foreclosure process is driven by money. And the  legal work which flows from winning the financial institution's favor is highly lucrative. There is nothing improper or wrong with financial institutions or law firms making a profit -- to the contrary , they should be rewarded for sound business and legal practices. However, unchallenged by underfinanced opponents, the institutions worry less about jurisdictional requirements and more about maximizing returns. Unlike the focus of financial institutions, the federal courts must act as gatekeepers, assuring that only those who meet diversity and standing requirements are allowed to pass through. Counsel for the institutions are not without legal argument to support their position, but their arguments fall woefully short of justifying their premature filings, and utterly fail to satisfy their standing and jurisdictional burdens. The institutions seem to adopt the attitude that since they have been doing this for so long, unchallenged, this practice equates with legal compliance. Finally put to the

test, their weak legal arguments compel the Court to stop them at the gate.

Subsequently, dozens of other mortgage cases were thrown out or had show cause orders entered

for the same reason.  In re Foreclosure Cases, 07-cv-166 and 18 others, 2007 U.S. Dist. LEXIS

90812 (S.D. Ohio Nov. 27, 2007); In re Foreclosure Cases, 3:07CV043 and 19 others, 2007 U.S.

Dist. LEXIS 84569 (S.D.Ohio., Nov. 15, 2007); NovaStar Mortgage, Inc.  v. Riley,

3:07-CV-397, 2007 U.S. Dist. LEXIS 86216 (S.D.Ohio, Nov. 21, 2007); NovaStar Mortgage,

Inc.  v. Grooms,

3:07-CV-395, 2007 U.S. Dist. LEXIS 86214 (S.D.Ohio., Nov. 21, 2007); HSBC Bank USA v.

Rayford, 3:07-CV-428, 2007 U.S. Dist. LEXIS 86215 (S.D.Ohio., Nov. 21, 2007); see Deutsche

Bank National Trust Co. v. Castellanos, 277/07, New York Law Journal, Jan. 24, 2008 (Kings

Co., N.Y., Sup. Ct., decided Jan. 14, 2008)(Justice Arthur M. Schack ) (Appendix B).

      6.     Significantly, the entities which have been caught filing collection

lawsuits without provable title to the debts include an affiliate of defendant Palisades Acquisition

XVI, LLC.  In Palisades Collection LLC v. Haque, 2006 N.Y. Misc. LEXIS 4036; 235 N.Y.L.J.

71 (Civ. Ct. Queens Co., April 13, 2006) (Appendix C), judgment was entered against Palisades

in a collection case because it could not prove it owned any claim against the putative debtor.

> Plaintiff's witness, Joanne Bergman testified that she is employed by plaintiff as its vice-president of legal affairs and is the custodian of plaintiff's books and records. . . . Ms. Bergman testified that plaintiff is authorized to perform any and all acts relating to certain accounts assigned to plaintiff by AT&T Wireless pursuant to a limited power of attorney and a bill of sale and assignment of benefits. These two documents, both dated July 2004, were admitted into evidence as plaintiff's Exhibit 1A and 1B. These documents, however, name, as the assignee, an entity which is a Delaware limited liability company, not a New Jersey Corporation, as this plaintiff alleges itself to be. Nor do the documents contain an indication that consideration was paid for the assignment and neither document is executed by plaintiff as the assignee. Further the assignment refers to a "Purchase and Sale Agreement" and indicates that an "Account Schedule" is

attached to that agreement. Plaintiff did not seek to introduce the "Purchase and Sale Agreement" with its annexed schedule into evidence.

In contrast to the wording of the assignment which references the "Purchase and Sale Agreement" and its annexed schedule of accounts, the witness testified that the purchased accounts came to plaintiff by electronic transmission. Ms. Bergman testified credibly that the electronic statements were received on December 13, 2005. Ms. Bergman testified that defendant's account was included in those purchased by plaintiff. Plaintiff then sought to introduce into evidence a document, dated January 9, 2006, that the witness testified was the hard copy of the account summary generated by AT&T Wireless and electronically sent to plaintiff pertaining to this defendant. The witness testified that plaintiff did not have copies of any statements from AT&T Wireless that were allegedly sent to defendant. . . .

Further, in light of the dearth of evidence presented at trial regarding the assignment and the infirmities therein, plaintiff did not prove by a preponderance of the evidence that defendant's account was in fact assigned to plaintiff. . . .

7.      Similarly, in <u>Palisades Collection, LLC  v. Gonzalez</u>,  10 Misc. 3d 1058A; 809 N.Y.S.2d 482 (Civ.Ct. N.Y.Co. 2005), Palisades was unable to prove that it owned any claim against the putative debtor:

. . . Ms. Bergmann claims that plaintiff is entitled to sue because of an assignment to it from AT&T. However, she does not attach a copy of the alleged assignment. In the absence of the document on which her statement is based, her statement is of no probative value [citations].  Consequently, Ms. Bergmann has failed to establish that plaintiff has the right to collect this debt.

8.      In some of these abusive collection cases, it was ultimately proved that the putative debtors did not in fact owe the putative creditor anything.  In 2004, the Federal Trade Commission shut down a debt buyer called CAMCO headquartered in Illinois.  The following is from a press release issued by the FTC in connection with that case.

. . . In papers filed with the court, the agency charged that as much as 80 percent of the money CAMCO collects comes from consumers who never owed the original debt in the first place. Many consumers pay the money to get CAMCO to stop threatening and harassing them, their families, their friends, and their co-workers.

5

According to the FTC, CAMCO buys old debt lists that frequently contain no documentation about the original debt and in many cases no Social Security Number for the original debtor. CAMCO makes efforts to find people with the same name in the same geographic area and tries to collect the debt from them – whether or not they are the actual debtor. In papers filed with the court, the FTC alleges that CAMCO agents told consumers – even consumers who never owed the money – that they were legally obligated to pay. They told consumers that if they did not pay, CAMCO could have them arrested and jailed, seize their property, garnish their wages, and ruin their credit. All of those threats were false, according to the FTC. . . .  (http://www.ftc.gov/opa/2004/12/camco.htm)

## CLASS CERTIFICATION REQUIREMENTS

9.      All requirements of Rules 23(a) and (b)(3)  of the Federal Rules of Civil Procedure have been met.

10.      The class is so numerous that joinder of all members is impractical. A computer search reveals that Hawker Financial Corp. was allowed to be the plaintiff in over 400 lawsuits after April 1, 2007.  (Appendix D).  Hawker Financial Corp. was regularly represented by Blatt, Hasenmiller, Leibsker & Moore, LLC. (Appendix E).  Blatt, Hasenmiller, Leibsker & Moore, LLC regularly use the motion attached as Appendix F to correct a "misnomer" and change the plaintiff's name.  It is reasonable to infer that the number of class members greatly exceeds the 40 required to satisfy the numerosity requirement.

11.      Plaintiff will obtain the exact number of class members through discovery, and requests a briefing schedule long enough to obtain such information.

12.      There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members.  The predominant common questions are (a) whether lawsuits were pursued in the name of an entity that had no interest in the claims, (b) whether defendants falsely represented the nature of the relationship

between Hawker and Palisades, and (c) and whether doing so violates the FDCPA.

13.    The only individual issues is the identification of the class members, a matter capable of ministerial determination from defendants' records and court files.

14.    Plaintiff's claims are typical of those of the class members.  All are based on  the same factual and legal theories.

15.    Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. (Appendix G)  Plaintiff's counsel have sufficient resources to insure the vigorous prosecution of this action in the interests of the class members.

16.    A class action is superior for the fair and efficient adjudication of the class members' claims, in that:

a.    Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute.

b.    Consumers are unlikely to recognize the violation, as it requires familiarity with the federal Communications Act.

c.    The practice causes substantial injury to the public.

d.    A class action is necessary to determine that defendants' conduct is a violation of law and bring about its cessation.

17.    In further support of this motion, Plaintiff submits the accompanying memorandum of law.

18.    Plaintiff is filing this motion at this early time because of the decision in White v. Humana Health Plan, Inc., 06 C 5546, 2007 U.S.Dist. LEXIS 32263 (N.D.Ill., May 2,

2007).

WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

Respectfully submitted,

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michelle R. Teggelaar
Francis R. Greene
EDELMAN, COMBS, LATTURNER
      & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>CERTIFICATE OF SERVICE</u>

I, Daniel A. Edelman, hereby certify that February 7, 2008,  I filed the foregoing documents via the Court's CM/ECF system, which caused to be sent notification of such filing via electronic mail to the following parties:

David M. Schultz
dschultz@hinshawlaw.com

Jennifer W. Weller
jweller@hinshawlaw.com

Stephen D. Vernon
svernon@hinshawlaw.com

s/Daniel A. Edelman
Daniel A. Edelman